UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **REGINOL LEON WATERS #00259758,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00053 |
| | ) |
| **TENNESSEE DEPARTMENT OF CORRECTION,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Reginol Leon Waters, an inmate of the Turney Center Industrial Complex ("TCIX") in Only, Tennessee, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

He also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 5) and a Motion to Ascertain Status of Case (Doc. No. 11). The latter motion is **GRANTED** insofar as the Court grants the IFP Application and conducts the required screening of the complaint herein.

### I. FILING FEE

The Court must first resolve the filing fee. Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application (Doc. No. 2), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 5) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

1

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Turney Center Industrial Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The Court now turns to the required PLRA screening of the complaint. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The Court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

A. **Facts Alleged in the Complaint**

The complaint alleges that Plaintiff previously worked as an Inmate Legal Helper/Law Library Aide at the TCIX. Plaintiff received payment of fifty cents an hour for his work.

On October 20, 2020, while Plaintiff was performing his job duties as an Inmate Legal Helper/Law Library Aide, Defendant Macklin performed a search of Plaintiff and inmate Robert Denton in the law library. During this search, Macklin found a letter in Plaintiff's pocket from inmate Carl Ross regarding Plaintiff's assistance in filing a lawsuit against Macklin, Gilbert, and Peone. Plaintiff had been assisting Ross with a legal matter while Ross was housed in "Close Custody."

After reading the letter, Macklin determined that Plaintiff was engaging in an unauthorized financial transaction with Ross and told Plaintiff that he was "going to take [Plaintiff's] job." (Doc. No. 1 at 5). A few days later, Macklin initiated a disciplinary action against Plaintiff, and he was issued a disciplinary report for unauthorized financial transaction activity.

A few days later, Defendant Jenkins told Plaintiff that "the Board is going to find you guilty and you will lose your job." (Id. at 7). On October 27, 2020, Defendants Gilbert, Jenkins, and Peone commenced a disciplinary hearing after which they found Plaintiff guilty of a Class B disciplinary offense. While Plaintiff did not lose any accumulated sentence credits as a result of his conviction, he was removed from his position as Inmate Legal Helper/Law Library Aide by Defendant Jenkins. The following day, Plaintiff was reassigned to another prison job at the same rate of pay he had earned in his prior role. However, Plaintiff was later removed from that job because of his October 2020 disciplinary offense and was reassigned to another role which paid thirty-four cents an hour.

4

Plaintiff believes he was searched and disciplined because he was exercising his First Amendment rights and those of other inmates on whose behalf he filed lawsuits against TCIX officials. The complaint alleges what Plaintiff believes to have been other acts of retaliation by Defendants.

In 2020, Plaintiff filed grievances and appeals of the denials of those grievances regarding the loss of his Inmate Legal Helper/Law Library Aide job and Defendants' alleged retaliatory actions. On January 7, 2021, Defendant Parker affirmed Plaintiff's conviction, finding that "Plaintiff had failed to support his allegations that Defendant Myers reached an incorrect decision." (Id. at 8). Plaintiff sought further review of his grievances by filing a lawsuit in Hickman County Chancery Court and appealing the dismissal of that case to the Tennessee Court of Appeals. The Court of Appeals denied Plaintiff's appeal on May 11, 2023.

As relief, Plaintiff requests injunctive relief, the termination of Defendants' employment, compensatory damages, costs, and attorney fees.

**B. Section 1983 Claims**

Plaintiff alleges claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

Plaintiff has sued the Tennessee Department of Correction ("TDOC"), the entity responsible for operating TCIX. TDOC is considered part of the State of Tennessee for purposes

of federal civil rights claims and therefore is not a suable entity under Section 1983 for damages, as Plaintiff has requested. See Hix v. Tenn. Dep't of Corrs., 196 F. App'x 350, 355 (6th Cir. 2006) ("The TDOC is not a 'person' within the meaning of § 1983, and is therefore not a proper defendant.") (citing Will, 491 U.S. 58, 64). Thus, Plaintiff's claims for damages against TDOC must be dismissed.

Plaintiff also seeks injunctive relief against TDOC and sues additional Defendants. However, Plaintiff's federal claims are subject to dismissal because the events about which Plaintiff complains occurred outside of the governing statute of limitations for Section 1983 claims.

The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). It is the court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." Standridge v. Tenn. Dep't of Children's Servs., No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Plaintiff alleges in his complaint that his Section 1983 claims accrued after the Tennessee Court of Appeals denied his appeal on May 11, 2023. (Doc. No. 1 at 8). However, Plaintiff

6

Case 1:24-cv-00053   Document 12   Filed 02/26/26   Page 6 of 8 PageID #: 86

conflates the requirement of exhaustion under the PLRA with the timing of when a claim accrues under Section 1983 in Tennessee.

The PLRA provides that '[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted.'" Lee v. Willey, 789 F.3d 673, 677 (6th Cir. 2015) (quoting 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). But the PLRA requires a prisoner to exhaust administrative remedies—not state court remedies—before filing a federal lawsuit. In other words, a prisoner must complete every step of his facility's internal grievance and appeals process before filing a lawsuit in federal court. The prisoner does not need to file or finish a state court lawsuit first.

Accrual of claims is different than the exhaustion of claims. Plaintiff's claims accrued when he knew or had reason to know of the injuries that are the basis of his action. Here, because the alleged precipitating events occurred well over one year before Plaintiff filed his complaint on May 13, 2024—no later than January 7, 2021—and because Plaintiff was aware of his claimed injuries at the time of those events, Plaintiff's claims concerning these events are barred by the governing statute of limitations for Section 1983 claims. Accordingly, Plaintiff's federal claims must be dismissed.

**C. State Law Claims**

Finally, to the extent the complaint could be construed to allege state law claims of harassment (see Doc. No. 1 at 16), 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

Id. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." Id. at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court. The Court makes no representations as to the validity or timeliness of any such claims.

### III. CONCLUSION

Having conducted the screening of the complaint required by PLRA, the Court finds that Plaintiff's Section 1983 claims were filed outside the governing one-year statute of limitations period. Thus, those claims are **DISMISSED WITH PREJUDICE**.

The Court declines to exercise supplemental jurisdiction over any state law claims asserted in the complaint. Thus, any such claims are **DISMISSED WITHOUT PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE